UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

AMERICAN FEDERATION OF MUSICIANS
AND EMPLOYERS' PENSION FUND

and

BOARD OF TRUSTEES OF THE AMERICAN
FEDERATION OF MUSICIANS AND
EMPLOYERS' PENSION FUND,

                     Plaintiffs,

      v.

BAROCK ORCHESTRA LLC,

                     Defendant.

JUDGE BAER

07 CIV 4037

Civil Action No.



RECEIVED
MAY 23 2007
U.S.D.C. S.D. N.Y.
CASHIERS

## COMPLAINT

### Introduction

1.    This is an action to collect delinquent contributions that defendant owes to plaintiff American Federation of Musicians and Employers' Pension Fund ("Pension Fund").

2.    This action is brought pursuant to the Employee Retirement Income Security Act, as amended, 29 U.S.C. §§ 1001, et seq. (hereinafter "ERISA"), and § 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185(a) (hereinafter "LMRA").

### Jurisdiction and Venue

3.    The Court has jurisdiction of this action under the terms of 29 U.S.C. § 1132, 29 U.S.C. § 185(a), and 28 U.S.C. § 1331.

4. Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) because this is the district in which the Pension Fund is administered.

## Parties

5. Plaintiff American Federation of Musicians and Employers' Pension Fund is a trust fund established and maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). Plaintiff Pension Fund is an employee benefit plan within the meaning of Sections 3(2) and 3(3) of ERISA, 29 U.S.C. §§ 1002(2) and (3), and is maintained for the purpose of providing retirement and related benefits to eligible participants and their beneficiaries. Plaintiff Pension Fund is also a multi-employer pension plan within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37).

6. Plaintiff members of the Board of Trustees of the American Federation of Musicians and Employers' Pension ("Pension Fund Trustees") are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

7. All plaintiffs maintain their principal place of business at One Penn Plaza, Suite 3115, New York, New York 10119.

8. Plaintiffs bring this action on behalf of themselves and on behalf of Pension Fund participants and beneficiaries pursuant to Sections 502(a)(3)(B) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3)(B) and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

9. Defendant BaRock Orchestra LLC ("BaRock Orchestra") is an employer in an industry affecting commerce within the meaning of Sections 3(5), 3(11), and 3(12) of ERISA, 29 U.S.C. §§ 1002(5), (11) and (12), and Sections 2(2), (6) and (7) of the LMRA, 29 U.S.C. §§ 152(2), (6) and (7).

10. Defendant is a New Jersey Limited Liability Company doing business primarily in the states of New York and New Jersey. Upon information and belief, defendant maintains its principal place of business at 206 West Engelwood Avenue, Teaneck, New Jersey 07666.

## Statement of Claim

11. At all relevant times, BaRock Orchestra was party to a collective bargaining agreement, effective from August 1, 2002 through July 31, 2005, with Local 802 of the American Federation of Musicians, AFL-CIO ("Union"), covering musicians employed by the BaRock Orchestra. That agreement is known as the "Jewish Club Date Contract."

12. The Jewish Club Date Contract is a contract between an employer and labor organization within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185, and a collectively bargained agreement within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

13. At all times relevant to this action, Article V, Section 1 of the Jewish Club Date Contract required BaRock Orchestra to make contributions to the Pension Fund on behalf of covered musicians for each engagement at stated percentages of the musicians' wages.

14. Article V, Section 3 of the Jewish Club Date Contract required BaRock Orchestra to remit contributions to the Pension Fund no later than sixty days after the engagement for which such contributions are due.

15. The Jewish Club Date Contract further provides that the BaRock Orchestra agrees to accept and be bound by the provisions of the Pension Fund's Agreement and Declaration of Trust ("Trust Agreement"), as amended from time to time, and that the Trust Agreement is incorporated by reference into the Jewish Club Date Contract.

16. At all relevant times, Section 9.4 (or its predecessor provision) of the Trust Agreement has provided that an employer that is delinquent in paying contributions to the Pension Fund is liable for interest on the unpaid contributions and also for all costs and expenses incurred by the Pension Fund in collecting the contributions, including attorneys' fees and court costs.

17. At all relevant times, Section 9.6 (or its predecessor provision) of the Trust Agreement has provided that if, in an action to collect delinquent contributions, judgment is awarded in favor of the Pension Fund or the Board of Trustees, the employer also is liable for liquidated damages in an amount equal to the greater of interest on the unpaid contributions or twenty percent of the unpaid contributions.

18. Based upon remittance reports submitted by BaRock Orchestra, the Pension Fund calculated and billed defendant for $13,645.19 in

contributions due for engagements under the Jewish Club Date Contract from August 1, 2004 through July 31, 2005. Despite the Pension Fund's repeated demands, defendant has failed and refused to pay these contributions and is delinquent in its contribution obligation to the Pension Fund.

19. As of April 30, 2007, interest on defendant's unpaid contributions was $4,016.76. Despite the Pension Fund's repeated demands for payment, defendant has failed and refused to pay the interest due on its delinquent contributions.

20. Defendant's failure to pay required contributions and interest due is a breach of its obligations under the Jewish Club Date Contract and the Trust Agreement, and is a violation of Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA, 29 U.S.C. §185.

21. Under the Trust Agreement, under ERISA, 29 U.S.C. §§1132(9)(2) and 1145, and under LMRA §301, defendant is obligated to the Pension Fund and its Board of Trustees to pay the full amount of its delinquent contributions and the interest accrued interest under the Trust Agreement, plus liquidated damages.

22. Under the Trust Agreement, under ERISA, 29 U.S.C. §§1132(9)(2) and 1145, and under LMRA §301, defendant is obligated to the Pension Fund and its Board of Trustees to pay plaintiffs' attorneys' fees and the cost of this action. Plaintiffs are also entitled under Sections 502(g)(2)(E) of

ERISA, 29 U.S.C. §1132(g)(2)(E), to such other legal or equitable relief as the court deems appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

1. Declare that BaRock Orchestra is delinquent in its contributions to the Pension Fund pursuant to the Jewish Club Date Contract from August 1, 2004 through July 31, 2005;

2. Enter judgment in the full amount of the delinquent contributions BaRock Orchestra owes to the Pension Fund for the period August 1, 2004 through July 31, 2005, together with interest to the date of judgment, liquidated damages, attorneys' fees and costs as required under the Jewish Club Date Contract, the Trust Agreement and ERISA, 29 U.S.C. §1132(g)(2); and

3. Order such other legal and equitable relief as the Court may deem just and proper.

Respectfully submitted,

MEYER, SUOZZI, ENGLISH & KLEIN, P.C.

By: _____
Patricia McConnell (PM 1861)
1350 Broadway, Suite 501
New York, New York 10018-0822
(212) 239-4999
pmcconnell@msek.com

Attorneys for Plaintiffs

Dated: New York, New York
       May 23, 2007

10588v.1